Taft, J.
With, respect to the first specification of error in appellants’ notice of appeal to the Board of Tax Appeals, it is conceded that the words “below the minimum for taxable sales under the law of Ohio” refer only to sales of less than 41 cents each. No evidence was offered before the Board of Tax Appeals that the percentage of gross sales represented by sales of less than 41 cents each was more than 33 per cent.
With respect to the second specification of error in that notice of appeal, it is conceded that there was no evidence which would enable, and that the records of appellants were not such as to make possible, “an analysis of each and every sale.”
So far as the first two specifications of error in the notice of appeal are concerned, the decision of the Board of Tax Appeals affirming the order of the Tax Commissioner could obviously not be either unreasonable or unlawful because there was no evidence to support either of those specifications. The evidence as to sales of food for consumption off appellants’ premises obviously did not relate to either of those first two specifications of error.
As to the third specification of error in that notice, this court very recently held that “a decision of the Board of Tax Appeals dismissing for want of jurisdiction an appeal predicated on * * * a notice of appeal” using almost the same broad and general language as used in that third specification was not either ‘ ‘ unlawful or unreasonable." Queen City Valves, Inc., v. Peck, Tax Commr., 161 Ohio St., 579, 120 N. E. (2d), 310.
This court is authorized to reverse a decision of the Board of Tax Appeals only if it decides that it is unreasonable or unlawful (Section 5717.04, Revised *162 Code). It follows that the decision of the Board of Tax Appeals must be affirmed.

Decision affirmed.

Weygandt, C. J., Middleton, Hart, Zimmerman and Lamneck, JJ., concur.
Stewart, J., concurs in the judgment.